UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MAURICE JUNIOUS, et al.,<br><br>　　　　　Defendants. | Case No.: 1:09-cv-00484-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS<br><br>[ECF No. 43] |

Plaintiff Barry Louis Lamon is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**INTRODUCTION**

Now pending before the Court is Defendants' motion to revoke Plaintiff's in forma pauperis status, filed on May 10, 2013. Plaintiff filed an opposition on August 14, 2013, and Defendants filed a reply on August 28, 2013.

On September 11, 2013, Plaintiff filed a motion for leave to file a surreply to Defendants' reply to Plaintiff's opposition, along with a surreply. On October 3, 2013, Defendants filed an opposition to Plaintiff's motion for leave to file the surreply.

///

///

## II.

## DISCUSSION

### A.    Motion to Revoke In Forma Pauperis Status

#### 1.    Defendants' Position

Defendants claim that Plaintiff has, on three or more occasions, had actions dismissed as frivolous, malicious, or for failure to state a claim, and he is therefore precluded from proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(g).  Defendants contend that the order dismissing Plaintiff's third amended complaint in Lamon v. Stockman, No. 1:98-cv-06089-OWW-LJO (E.D.Cal. 2000), constitutes a first strike because it was issued after Plaintiff failed to file a fourth amended complaint, and explicitly stated that Plaintiff failed to allege facts sufficient to support his claims for relief.  Defendants also assert that the dismissal of Plaintiff's appeal in Lamon v. Pliler ("Pliler I"), No. 2:03-cv-00423-AK (E.D.Cal. 2003), for lack of jurisdiction is a second strike because the order Plaintiff challenged was neither final nor appealable.  Defendants contend this appeal had no basis in fact or law, and is thus frivolous.  Finally, Defendants contend the dismissal of Plaintiff's appeal in Lamon v. Pliler ("Pliler II"), No. 2:03-cv-00423-AK (E.D.Cal. 2003), is a third strike because Plaintiff's in forma pauperis status was revoked on appeal, yet he failed to pay the filing fee on appeal.  Defendants argue an appeal of a district court dismissal for frivolity makes the appeal frivolous, and thus dismissal of Plaintiff's appeal is a strike.

Defendants also argue that the court has discretionary authority under 28 U.S.C. § 1915(a) to deny Plaintiff's in forma pauperis status because he is an abusive filer disrupting the fair allocation of judicial resources.  Defendants cite seven other cases in which Plaintiff has brought claims identical to those in the instant case.

#### 2.    Plaintiff's Position

Plaintiff objects to the Defendants' motion on the grounds that the cases cited by Defendants are not strikes.  Plaintiff states that he did not file a fourth amended complaint in Lamon v. Stockman, No. 1:98-cv-06089-OWW-LJO (E.D. Cal. 2000), because he was transferred out of the facility where the conditions giving rise to his claims occurred, and considered continuing with the suit unnecessary.  Plaintiff claims this dismissal is not a strike because he was in imminent danger of serious physical

1  injury at the time he filed the action.  Additionally, Plaintiff argues that Pliler I, No. 2:03-cv-00423-
2  AK (E.D.Cal. 2003), and Pliler II, No. 2:03-cv-00423-AK (E.D.Cal. 2003), are not strikes because the
3  appeals were still in progress up to a year after he filed the instant action on March 16, 2009.  Plaintiff
4  argues these appeals would only be strikes if he failed to appeal to the Supreme Court, or the Supreme
5  Court denied his writ of certiorari.  Plaintiff also argues that he is entitled to proceed in forma pauperis
6  in this action because he is in imminent danger.

## B.    Legal Standard

The Prison Litigation Reform Act of 1995 (PRLA) was enacted "to curb frivolous prisoner complaints and appeals."  Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011).  28 U.S.C. § 1915(g) provides that "[I]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  "[I]f the language of a statute is clear, we look no further than that language in determining the statute's meaning," unless "what seems to be the plain meaning of the statute . . . lead[s] to absurd or impracticable consequences."  Seattle-First Nat'l Bank v. Conaway, 98 F.3d 1195, 1197 (9th Cir. 1996) (internal quotations and citations omitted).

In Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005), the Ninth Circuit explained, "[t]he PLRA does not define the terms 'frivolous,' or 'malicious,' nor does it define dismissals for failure to 'state a claim upon which relief could be granted'… We have held that the phrase 'fails to state a claim on which relief may be granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure 12(b)(6)."  In defining the terms frivolous and malicious, the Andrews court held, "[W]e look to their 'ordinary, contemporary, common meaning.'…Thus, a case is frivolous if it is 'of little weight or importance: having no basis in law or fact'…A case is malicious if it was filed with the 'intention or desire to harm another'". Andrews, 398 F.3d at 1121 (internal quotations and citations omitted).

In seeking revocation of Plaintiff's in forma pauperis status, Defendants bear the burden of establishing that Plaintiff has three or more strikes within the meaning of section 1915(g), which

3

requires the submission of evidence sufficient to demonstrate at least three prior qualifying dismissals. Andrews, 398 F.3d at 1120.  The Andrews court further noted, "[n]ot all unsuccessful cases qualify as a strike under § 1915(g).  Rather, § 1915(g) should be used to deny a prisoner's *IFP* status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim."  Id. at 1121.

**C.    Analysis**

It is well established that a court may take judicial notice of its own records.  Trigueros v. Adams, 658 F.3d 983, 987 (9th Cir. 2011); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Chandler v. United States, 378 F.2d 906, 909 (9th Cir. 1967).  Therefore, the court grants Defendants' motion to take judicial notice of court documents.

1.    Plaintiff did not acquire three strikes prior to filing this action

In Lamon v. Stockman, No. 1:98-cv-06089-OWW-LJO (E.D. Cal. 2000), the court dismissed Plaintiff's third amended complaint on February 25, 2000, for failure to plead facts sufficient to state a claim upon which relief could be granted.  (Order to Dismiss Third Amended Complaint With Leave to Amend, ECF No. 33.)  Plaintiff failed to file a fourth amended complaint, and the case was dismissed on August 17, 2000, for failure to prosecute. (Order to Dismiss Case for Failure to File a Fourth Amended Complaint, ECF No. 37.)  The February 25, 2000, dismissal of Plaintiff's complaint for failure to state a claim clearly counts as a strike under 28 U.S.C. § 1915(g).

In Pliler II, No. 2:03-cv-00423-AK (E.D. Cal. 2003), the district court denied Plaintiff's motion for injunctive relief.  (Order to Deny Plaintiff's Motion for Injunctive Relief as Moot, ECF No. 117.)  Plaintiff filed a timely notice of appeal and requested the district court to certify that his appeal was not frivolous.  (Notice of Interlocutory Appeal, ECF No. 120.)  The Ninth Circuit granted Plaintiff in forma pauperis status.  (Appeal Processed to Ninth Circuit Regarding Notice of Interlocutory Appeal, ECF No. 121.)  On October 4, 2006, the district court certified Plaintiff's interlocutory appeal was not taken in good faith.  (Order that Plaintiff's Interlocutory Appeal Not Taken in Good Faith, ECF No. 124.)  On January 5, 2007, the Ninth Circuit found Plaintiff failed to follow the procedural appeal process required by the Federal Rule of Appellate Procedure 42-1 and dismissed Plaintiff's

1  appeal for failure to pay the filing fee.  (Order to Dismiss Appeal for Failure to Pay the Filing Fee,
2  ECF No. 131.)
3  　　　　Ninth Circuit Rule 42-1 provides for dismissal for failure to prosecute "when an appellant fails
4  to…pay the docket fee."  A dismissal for failure to prosecute does not count as a strike under the plain
5  language of 1915(g).  Hafed v. Bureau of Prisons, 635 F.3d 1172, 1179 (10th Cir. 2011); Butler v.
6  Department of Justice, 492 F.3d 440, 443 (D.C. Cir. 2007).  However, district courts must carefully
7  evaluate the dismissal order to determine if the dismissal counts as a strike.  Moore v. Maricopa
8  County Sheriff's Office, 657 F.3d 890, 895 (9th Cir. 2011); Andrews, 398 F.3d at 1121.  In making
9  the determination whether a dismissal counts as a strike, it is the substance of the dismissal which is
10 determinative, not the styling of the dismissal.  O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).
11 　　　　28 U.S.C. § 1915(a)(3) provides that "[A]n appeal may not be taken in forma pauperis if the
12 trial court certified in writing that it is not taken in good faith."  The good faith requirement is met if
13 the appellant seeks review of an issue that is not frivolous.  Gardener v. Pogue, 558 F.2d 548, 550-51
14 (9th Cir. 1977); Hooker v. American Airlines, 302 F.3d 1091, 1092 (9th Cir. 2002).  "Subsections
15 (a)(4) and (5) of Rule 24 of the Federal Rules of Appellate Procedure give litigants a procedural route
16 for challenging the trial court's certification…by filing a motion…pursuant to Rule 24(a)(5)."  O'Neal,
17 531 F.3d at 1149.  If the appellate court finds the district court erred in certifying the appeal was not
18 taken in good faith, it may set aside the certification and grant leave to proceed in forma pauperis.
19 O'Neal, 531 F.3d at 1150.
20 　　　　In Pliler II, No. 2:03-cv-00423-AK (E.D. Cal. 2003), Plaintiff lost his in forma pauperis status
21 in the appeal when the district court certified his appeal was not taken in good faith. Therefore,
22 Plaintiff was obligated to pay the filing fee on appeal unless he properly challenged this certification in
23 accordance with Federal Rule of Appellate Procedure 24(a)(5).  The district court certification of
24 Plaintiff's appeal also means the district court found the issues in Plaintiff's appeal were frivolous.
25 The record does not show the Ninth Circuit set aside this certification or found it to be erroneous;
26 rather, the Ninth Circuit held Plaintiff was not entitled to proceed in forma pauperis and ordered him
27 to pay the filing fee.  Pursuant to the holding in O'Neal, 531 F.3d at 1153, while this dismissal was
28 styled as failure to prosecute, the issue underlying the dismissal is that Plaintiff's appeal was frivolous.

5

1  Upon careful review, this court finds this dismissal does count as a strike for purposes of 28 U.S.C. §
2  1915(g).
3  In Pliler I, No. 2:03-cv-00423-AK (E.D.Cal. 2003), the court dismissed Plaintiff's appeal for
4  lack of jurisdiction because the order challenged in the appeal was not final or appealable.  In Moore
5  v. Maricopa County Sheriff's Office, 657 F.3d 890, 893-94 (9th Cir. 2011) cert. denied, 132 S. Ct.
6  2777, 183 L. Ed. 2d 644 (2012), the Ninth Circuit held, "The text of § 1915(g) provides that a previous
7  case qualifies as a 'strike' if it 'was dismissed on the grounds that it is frivolous, malicious, or fails to
8  state a claim upon which relief may be granted'…Nowhere does the three-strike rule mention 'lack of
9  subject matter jurisdiction'…[W]e conclude that Congress intended for the three-strikes rules to count
10 to 12(b)(6) dismissals but not 12(b)(1) dismissals."

11 This court is not persuaded by the Defendants' argument that this dismissal constitutes a strike
12 under 1915(g).  The language of section 1915(g) is clear:  a dismissal on the ground that an action is
13 frivolous, malicious, or fails to state a claim counts as strike.  While "frivolous" could be an adjective
14 to describe Plaintiff's effort to appeal a judgment that was neither final nor appealable, the order
15 plainly dismissed Plaintiff's appeal for lack of jurisdiction.  A dismissal for lack of jurisdiction does
16 not count as a strike under 1915(g).

17 Therefore, this court does not find that Plaintiff has acquired three strikes prior to filing this
18 action and holds that he is not subject to 1915(g).  Accordingly, the court need not address the issue of
19 whether Plaintiff falls within the imminent danger exception to 1915(g).

20      2.     Plaintiff is not an abusive filer under the PRLA- Defendants have not met burden to
21          show Plaintiff is an abusive filer

22 The Defendants' motion urges this court to use its discretionary authority under the PRLA to
23 revoke Plaintiff's in forma pauperis status on the basis that he is an abusive filer.  In support of their
24 argument, Defendants cite In re McDonald, 489 U.S. 180 (1989), and In re Sindram, 489 U.S. 117
25 (1991).  In both McDonald and Sindram, the court denied in forma pauperis status to petitioners who
26 filed high volumes of frivolous and repetitive requests on the rationale that processing these requests
27 from petitioners who were not subject to the same financial considerations as other litigants would
28

6

disrupt the fair allocation of limited judicial resources. McDonald, 489 U.S. at 184; Sindram, 498 U.S. at 180.

In Sindram, petitioner sought to proceed in forma pauperis on an extraordinary writ pursuant to 28 U.S.C. § 1651. This petition was his twenty-fifth filing before the court in the 1990 term. In the preceding three years, he "filed 43 separate petitions and motions, including 21 petitions for certiorari, 16 petitions for rehearing, and 2 petitions for extraordinary writs." Sindram, 498 U.S. at 177. All petitions related to a conviction on a speeding ticket which petitioner had challenged "in five different state and federal courts on 27 prior occasions…" Sindram, 498 U.S. at 179. In McDonald, the petitioner made 73 separate filings with the court over an eighteen year period, including "4 appeals, 33 petitions for writs of certiorari, 99 petitions for extraordinary writs, and 7 applications for stays and other injunctive relief." McDonald, 489 U.S. at 180.

Citing McDonald, the court in Visser v. Supreme Court of State of Cal., 919 F.2d 113, 114 (9th Cir. 1990), determined it "has the inherent power to restrict a litigant's ability to commence abusive litigation in forma pauperis." In Visser, the plaintiff filed eleven mandamus petitions with the court in a sixteen month timespan, in which he sought to proceed in forma pauperis. Visser, 919 F.2d at 114. The court described his petitions as "vague, rambling diatribes" and denied petitioner in forma pauperis status after concluding that petitioner "engaged in a pattern of litigation that is manifestly abusive." Visser, 919 F.2d at 115. Relying on Visser, the court in Bontemps v. Sotak, 2:09-CV-2115 LKK EFB, 2013 WL 178210 (E.D. Cal. Jan. 16, 2013) declined to revoke the plaintiff's in forma pauperis status on grounds of being an abusive filer. The court set forth that "if it were properly established that plaintiff had ten or more actions dismissed as frivolous, defendant's argument might warrant dismissal." Bontemps, 2013 WL 178210. In ruling the defendants did not meet this burden, the court explained, "Plaintiff filed fourteen actions in the years 1994 and 1995. That history certainly suggests that plaintiff is litigious. But that history alone, with nothing in the record to show that plaintiff's filings in these fourteen cases amounted to a pattern of abusive litigation, fails to meet the defendant's burden on this motion." Bontemps, 2013 WL 178210. The court also determined the defendants did not meet their burden of establishing plaintiff was an abusive filer in showing that he proceeded in four actions in forma pauperis but failed to prosecute. Bontemps, 2013 WL 178210.

1    Of the fourteen civil actions filed in federal district court in Bontempts, "plaintiff requested
2  leave to proceed in forma pauperis in two cases that the court dismissed because of plaintiff's failure
3  to prosecute." Bontemps, 2013 WL 178210. "In another five cases, the record shows that the court
4  dismissed actions in which the plaintiff had requested leave to proceed in forma pauperis…In another
5  case, defendant's evidence shows that the court granted defendant's summary judgment motion…and
6  then dismissed the case." Bontemps, 2013 WL 178210.

7    In this instance, Defendants' request for this court to exercise its discretionary authority to
8  revoke Plaintiff's in forma pauperis status on the basis that he is an abusive filer pursuant to the
9  holdings in McDonald, 489 U.S. 180 (1989), and Sindram, 489 U.S. 117 (1991), should be denied.
10 Plaintiff's litigation history, consisting of seven cases filed between the years 2007 and 2012, is not
11 comparable to the scores of petitions filed in McDonald, 489 U.S. 180 (1989), and Sindram, 489 U.S.
12 117 (1991).

13   After a careful review of the litigation history presented by Defendants in support of their
14 argument, this court finds that the Defendants have failed to meet the burden of showing that Plaintiff
15 is an abusive filer. The litigation history Defendants cite in support of this argument contains seven
16 cases, which is four fewer than the eleven in Visser and exactly half of the fourteen in Bontemps, in
17 which the plaintiff was determined not to be an abusive filer. Bontemps, 2013 WL 178210.
18 Additionally, the cases cited by Defendants to support their argument that Plaintiff is an abusive filer
19 were filed over a period of five years, which is significantly longer than the sixteen month timespan in
20 Visser, and the two-year period in Bontemps. Bontemps, 2013 WL 178210. Plaintiff's litigation
21 history of seven cases is also fewer than ten, which is the minimum number a Defendant seeking to
22 revoke a plaintiff's in forma pauperis status for being an abusive filer must show. Bontemps, 2013
23 WL 178210.

24   Furthermore, Plaintiff's litigation record is similar to the one in Bontemps. Bontemps, 2013
25 WL 178210. In Lamon v. Tilton, et al., No. 1:07-cv-00493-AWI-DLB (E.D. Cal. 2007), the case was
26 dismissed for failure of Plaintiff to exhaust administrative remedies. In Lamon v. Adams, et al., No.
27 1:07-cv-00829-DGC (E.D. Cal. 2007), defendant's summary judgment was granted after argument.
28 Lamon v. Adams, et al., No. 1:07-cv-01390-LJO-GBC (E.D. Cal. 2007) was dismissed pursuant to res

judicata. Lamon v. Stratton, et al., No. 2:08-cv-01762-DOC (E.D. Cal. 2008) was voluntarily dismissed by Plaintiff, as was Lamon v. Cate, et al., No. 1:09-cv-02220-LJO-SKO (E.D. Cal. 2009). Lamon v. Amrhein, No. 1:12-cv-00296-AWI-GSA (E.D. Cal. 2012), and Lamon v. Adams, et al., No. 1:09-cv-00205-LJO-SMS (E.D. Cal. 2009) are currently pending. In all of these actions, Plaintiff was granted in forma pauperis status. Like the plaintiff in Bontemps, Plaintiff has had one case result in summary judgment for the defendants, and two were voluntarily dismissed. Bontemps, 2013 WL 178210. Moreover, Plaintiff still has two cases pending. Thus, in consideration of the number and disposition of cases in Plaintiff's litigation history, this court cannot conclude Plaintiff is an abusive filer.

### D. Plaintiff's motion to file a surreply is denied

Plaintiff's motion requesting leave to file a surreply to Defendants' reply to his opposition to their motion to revoke his IFP status is hereby denied, and Plaintiff's simultaneously filed surreply is stricken because a surreply is not permitted by the Local Rules of this court. The Local Rule governing motions in prisoner actions allows oppositions to a motion to be filed not more than twenty one days after the motion is served, and permits the moving party to file a reply to the opposition not more than seven days after the opposition has been filed in CM/ECF. L.R. 230(l). "All such motions will be deemed submitted when the time to reply has expired." L.R. 230(l). Plaintiff's opposition to Defendants' motion to revoke his in forma pauperis status was submitted August 14, 2013. (ECF No. 61.) Defendants' timely submitted a reply to Plaintiff's opposition on August 28, 2013. (ECF No. 64.) Thus, the motion at issue was deemed submitted on this date.

A district court has discretion to permit the filing of a surreply, but "only where a valid reason for such an additional briefing exists, such as where the movant raises new arguments it its reply brief." Hill v. England, No. CV-F 05-00859-REC-TAG, 2005 W.L 3031136 at *1 (E.D. Cal. 2005) (internal quotations and citations omitted). The arguments set forth in Plaintiff's surreply are merely a lengthy elaboration on the arguments set forth in his opposition to the motion at issue; therefore, this court declines to use its discretion to allow the surreply.

///

///

# III.

# CONCLUSION AND RECOMMENDATION

Accordingly, based on the foregoing, IT IS HEREBY RECOMMENDED that Defendants' motion to revoke Plaintiff's in forma pauperis status, filed May 10, 2013, be denied.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **January 27, 2014**

UNITED STATES MAGISTRATE JUDGE