1

2

3

4

5

6

7

8                                **UNITED STATES DISTRICT COURT**

9                                **EASTERN DISTRICT OF CALIFORNIA**

10

11   BARRY LOUIS LAMON,                         )   Case No.: 1:09-cv-00484-AWI-SAB (PC)
                                                )
12              Plaintiff,                       )
                                                )   ORDER DISMISSING DEFENDANT BARDA
13        v.                                     )   FROM ACTION, WITHOUT PREJUDICE,
                                                )   PURSUANT TO RULE 4(M)
14   MAURICE JUNIOUS, et al.,                    )
                                                )   [ECF Nos. 44, 76]
15              Defendants.                      )
                                                )
16   _____           )

17        Plaintiff Barry Louis Lamon is appearing pro se and in forma pauperis in this civil rights action

18   pursuant to 42 U.S.C. § 1983.

19        This action is proceeding on Plaintiff's first amended complaint against Defendants Maguass,

20   Talisman, Barda, Cohen, and Osborne for retaliation in violation of the First Amendment.  However,

21   the Marshal was not able to locate Defendant Barda as he has moved to Israel and service was returned

22   un-executed on May 16, 2013.  On January 29, 2014, the Court ordered Plaintiff to show cause within

23   thirty days why Defendant Barda should not be dismissed from this action based on insufficient

24   information to effect service of process.  Fed. R. Civ. P. 4(m).  More than thirty days have passed and

25   Plaintiff has not complied with or otherwise responded to the order.

26        Rule 4(m) of the Federal Rules of Civil Procedure provides:

27        If a defendant is not served within 120 days after the complaint is filed, the court - on
          motion or on its own after notice to the plaintiff - must dismiss the action without

28

                                                 1

prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint.  28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties."  Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).  "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ."  Walker, 14 F.3d at 1422 (internal quotations and citation omitted).  However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate.  Walker, 14 F.3d at 1421-22.

Based on the information provided by Corcoran State Prison, Defendant Barda has moved to Israel and is no longer employed by the California Department of Corrections and Rehabiliation. Plaintiff has failed to show good cause why Defendant Barda should not be dismissed from this action. Fed. R. Civ. P. 4(m); Walker, 14 F.3d at 1421-1422.

Accordingly, based on the foregoing, Defendant Barda is HEREBY DISMISSED from this action, without prejudice, pursuant to Rule 4(m).

IT IS SO ORDERED.

Dated: ___April 4, 2014___                  _____
                                                          SENIOR  DISTRICT  JUDGE