UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MAURICE JUNIOUS, et al.,<br><br>　　　　Defendants. | Case No.: 1:09-cv-00484-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S CONFIDENTIAL OFFER TO COMPROMISE AND/OR PRELIMINARY INJUNCTION<br><br>[ECF No. 87] |

　　　　Plaintiff Barry Louis Lamon is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　This action is proceeding against Defendants Maguass, Talisman, Barda, Cohen, and Osborne for retaliation in violation of the First Amendment.

　　　　On April 7, 2014, Plaintiff filed a "confidential offer to compromise by plaintiff." In his motion, Plaintiff contends that Defendants have made false accusations that he is suffering from suicidial ideations in order for him to be placed in the Acute Care Hospital.

///
///
///
///
///

## I.

## DISCUSSION

Rule 408 of the Federal Rules of Evidence states:

Evidence of the following is not admissible—on behalf of any party—either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:

(1) Furnishing, promising or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise the claim; and

(2) Conduct or a statement made during compromise negotiations about the claim—except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

Plaintiff is attempting to use Rule 408 of the Federal Rules of Evidence as an attempt to prove defendant's liability. Plaintiff cannot use Rule 408 as a "sword" in an attempt to prove his claims are meritorious.

Furthermore, to the extent Plaintiff is seeking to obtain a preliminary injunction against Defendants, his request must be denied. A preliminary injunction is an extraordinary remedy never awarded as of right. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 9 (2008). For each form of relief sought in federal court, Plaintiff must establish standing. Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). This requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury. Summers, 555 U.S. at 493; Mayfield, 599 F.3d at 969.

Moreover, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective

relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. ' 3626(a)(1)(A).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. V. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

In this case, Plaintiff has not demonstrated likelihood of success on the merits, likelihood of irreparable harm, a balance of equities in his favor, or that an injunction is in the public interest. The allegations in the instant motion relate to past incidents by Defendants prior to and placement in the Acute Care Hospital while he was housed at Corcoran State Prison, and therefore Plaintiff does not have standing for a preliminary injunction.

## II.

## RECOMMENDATION

Based on the foregoing,

IT IS HEREBY RECOMMENDED that Plaintiff's motion for injunctive relief be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty (20) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and

///

///

Recommendation." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 19, 2014**

UNITED STATES MAGISTRATE JUDGE