1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11   BARRY LOUIS LAMON,                    )  Case No.: 1:09-cv-00484-AWI-SAB (PC)
                                           )
12                    Plaintiff,           )
                                           )  **FINDINGS AND RECOMMENDATIONS**
13           v.                            )  **REGARDING DEFENDANT COHEN'S MOTION**
                                           )  **TO DISMISS OR, IN THE ALTERNATIVE,**
14   MAURICE JUNIOUS, et al.,              )  **QUASH SERVICE OF THE SUMMONS AND**
                                           )  **AMENDED COMPLAINT**
15                    Defendants.          )
                                           )  [ECF No. 103]
16   _____      )

17          Plaintiff Barry Louis Lamon is appearing pro se and in forma pauperis in this civil rights action

18   pursuant to 42 U.S.C. § 1983.

19                                         **I.**

20                                   **BACKGROUND**

21          This action is proceeding on Plaintiff's first amended complaint against Defendants Magvas,

22   Talisman, Barda, Cohen, and Osborne for retaliation in violation of the First Amendment.

23          On April 3, 2014, Defendants Talisman, Osborne, and Magvas, filed an answer to the amended

24   complaint.

25          On April 4, 2014, Defendant Barda was dismissed from the action, without prejudice, pursuant

26   to Rule 4(m) of the Federal Rules of Civil Procedure for failure to effectuate service of process.

27

28

                                              1

Now pending before the Court is Defendant Cohen's motion to dismiss or, in the alternative, quash service of the summons and complaint, by and through special appearance by the Office of the Attorney General.

Plaintiff filed an opposition to Defendant Cohen's motion on October 1, 2014, and Defendant filed a reply on October 7, 2014.

**II.**

**DISCUSSION**

In the instant case, Plaintiff is proceeding in forma pauperis. (ECF No. 4.) On March 5, 2013, the Court authorized service by the Marshal pursuant to Rule 4(d). (ECF No. 39.)

On September 15, 2014, the United States Marshal returned the USM-285 form for Defendant Doctor Eric Cohen, which indicates that personal serve was effectuated on Alison DeLong, Litigation Coordinator, on September 5, 2014.

Defendant Cohen, by way of special appearance by the Office of the Attorney General, moves to dismiss the claims against him or, in the alternative quash the service of the summons and amended complaint on the ground that service was defective, and personal jurisdiction is lacking. See Fed. R. Civ. P. 12(b)(5).

Service of an individual within a judicial district of the United States may be effected by "delivering a copy of [the summons and complaint] to an agent authorized by appointment of law to receive service of process." Fed. R. Civ. P. 4(e)(2)(C). The "agent" referred to in this rule is not just an employee or business agent of some kind, but instead must be an agent specifically designated to receive service of process. See Gerritsen v. Escobar Y Cordova, 721 F.Supp. 253, 256 (C.D. Cal. 1988).

If a defendant is not served within 120 days after the complaint is filed, the court must dismiss the action without prejudice against that defendant or order that service be made within a specified time. Fed. R. Civ. P. 4. If a plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. Id. An incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the Marshal for service of the summons and complaint. Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990). If a plaintiff has provided the necessary information to

2

help effectuate serve, he should not be penalized by having his or her action dismissed for failure to effective service where the Marshal or the court clerk has failed to perform the duties required under 28 U.S.C. § 1915(c) and Rule 4 of the Federal Rules of Civil Procedure.  Id.

In this instance, Ms. DeLong declares under penalty of perjury that she has not been specifically designated to accept service of process on behalf of Dr. Cohen.  (ECF No. 103, DeLong Decl. ¶ 3.)  Ms. DeLong specifically declares that "[o]n September 5, 2014, [she] mistakenly accepted personal service on behalf of Dr. Eric Cohen, who is named as a defendant in this lawsuit.  At the time [she] accepted service, [she] believed the named defendant to be a former Atascadero State Hospital employee with the same surname."  (Id. at ¶ 2.)

"Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4."  Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004).  While "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint," United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984), there must still be "substantial compliance" with Rule 4; otherwise, "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction."  Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 688 (9th Cir. 1988) (quoting Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986).  If the plaintiff is unable to satisfy his burden, the Court has the discretion to either dismiss the action or retain the action and quash the service of process.  Stevens v. Sec. Pac. Nat'l Bank, 538 F.2d 1387, 1389 (9th Cir. 1976).

In his opposition, Plaintiff contends that Dr. Cohen should not be dismissed because Plaintiff is proceeding in forma pauepris and he cannot reasonably be expected to locate this Defendant, outside in society, if the Office of the Attorney General cannot find him.  Plaintiff argues that the California Department of Corrections and Rehabilitation (CDCR) and the Office of the Attorney General have not been unable to locate Dr. Cohen.  Plaintiff therefore reasons that CDCR and the Office of the Attorney General "should be held responsible for locating their former employee for service of summons and complaint in this action."  (ECF NO. 105, Opp'n at 4.)

To the extent Plaintiff argues that the CDCR and/or the Office of the Attorney General are legally responsible for locating parties that he has sued, Plaintiff's argument is without merit.  As

stated herein, it is Plaintiff's responsibility to provide sufficient details to locate and identify a party to be served with the summons and complaint.  See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995); see also Pierce v. Woodford, 416 Fed. App'x 660, 661 (9th Cir. 2011) (holding it is not abuse of discretion to dismiss action without prejudice for prisoner's failure to provide U.S. Marshal with necessary information to effectuate service).  This authority holds true even in instances, such as here, where Plaintiff is proceeding in forma pauperis and service is ordered and effectuated by the U.S. Marshal.  Walker v. Sumner, 14 F.3d at 1422.  Therefore, although Plaintiff is incarcerated and is proceeding pro se and in forma pauperis, he is not relieved of the burden of providing the Marshal with sufficient information to serve each named Defendant.  See, e.g., King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."), overruled on other grounds by Lacey v. Maricopa Cnty., 693 F.3d 896 (9th Cir. 2012).  Neither the Court nor the Marshal is under an obligation to investigate and locate an unserved defendant.  Boulware v. Ervin, No. CV-05-05165, 2010 WL 5110445 at *1 (E.D. Cal. Dec. 8, 2010).

Although service on Defendant Cohen was defective because Ms. DeLong was not authorized to accept service on behalf of Defendant Dr. Cohen, there is a reasonable prospect that Defendant Cohen can be served properly.  "'Generally service will be quashed in those cases in which there is a reasonable prospect that the plaintiff will be able to serve the defendant properly.'"  Crayton v. Rochester Medical Corp., No. 1:07-CV-01318-OWW-GSA, 2008 WL 3367604, at *5 (E.D. Cal. Aug. 8, 2008) (quoting Wishart v. Agents for Int'l Monetary Fund I.R.S., No. C-95-20178 SW, 1995 WL 494586, at *2 (N.D. Cal. Aug. 14, 1995).  The Court finds Plaintiff should be granted an opportunity to provide additional information for service of Dr. Cohen by and through the registry which employed him.  Therefore, the Court finds that dismissal of the claims against Dr. Cohen are not justified, at this juncture, and the Court shall instead recommend to quash the insufficient service as to Defendant Dr. Cohen.

///

///

///

4

**IV.**

**RECOMMENDATION**

Based on the foregoing,

IT IS HEREBY RECOMMENDED that:

1.      Defendants' motion to quash service of the summons and amended complaint on Defendant Doctor Cohen be GRANTED; and

2.      Plaintiff be given the opportunity, following the order resolving the instant recommendation, to provide further information for service of the summons and complaint on Defendant Doctor Cohen.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   **November 12, 2014**

_____
UNITED STATES MAGISTRATE JUDGE