UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON,<br><br>        Plaintiff,<br><br>    v.<br><br>MAURICE JUNIOUS, et al.,<br><br>        Defendants. | Case No.: 1:09-cv-00484-AWI-SAB (PC)<br><br>ORDER DENYING DEFENDANTS' MOTION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER<br><br>[ECF No. 111] |

Plaintiff Barry Louis Lamon is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On December 5, 2014, Defendants filed a motion to modify the discovery and scheduling order. Plaintiff filed an opposition on December 12, 2014, and Defendants filed a reply on December 18, 2014. Pursuant to Local Rule 230(l), the motion is deemed submitted.

## I.

## DISCUSSION

Under Rule 16 of the Federal Rules of Civil Procedure, a discovery and scheduling order controls the course of litigation unless the Court subsequently alters the original order. Fed R. Civ. P. 16(d). Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling

1

1  order must generally show that even with the exercise of due diligence, they cannot meet the
2  requirement of that order.  Id.  The court may also consider the prejudice to the party opposing the
3  modification.  Id.  If the party seeking to amend the scheduling order fails to show due diligence the
4  inquiry should end and the court should not grant the motion to modify.  Zivkovic v. Southern
5  California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).  A party may obtain relief from the
6  court's deadline date for discovery by demonstrating good cause for allowing further discovery.  Fed.
7  R. Civ. P. 16(b)(4).

8       Defense counsel indicates that Defendants timely arranged and noticed Plaintiff's deposition to
9  take place on December 12, 2014.  However, due to a recently filed adverse decision in the California
10 Court of Appeal, Fifth Appellate District, defense counsel's time and attention has unexpectedly been
11 drawn to another time-sensitive matter that will prevent her from being able to adequately prepare for
12 or conduct Plaintiff's deposition in early-to-mid January.  Defendants therefore request that the
13 discovery cut-off be extended by thirty days, up to and including January 14, 2015, and that the
14 corresponding dispositive motion deadline also be extended by thirty days, up to and including March
15 18, 2015.

16      Plaintiff opposes Defendants' request to modify the discovery and scheduling order.  Plaintiff
17 argues that because Defendants did not depose him sooner in the discovery period, they should not be
18 able to depose him at all, and counsel should have predicted when the California Court of Appeal
19 would issue its adverse ruling.  (ECF No. 111.)

20      Defendants reply that they "have diligently defended this case by providing thorough responses
21 to numerous discovery requests from Plaintiff, which required Defendants to obtain documents from
22 California State Prison, Corcoran, where Plaintiff's lawsuit originated, and California State Prison,
23 Sacramento, where Plaintiff is currently housed.  In responding to Plaintiff's discovery requests,
24 counsel for Defendants also reviewed approximately 10,000 pages of extremely dense documents in
25 Plaintiff's medical and mental health records, as well as his central file. (ECF No. 113, Mot. at 2:6-
26 12.)

27      The Court finds no good cause presented to modify the amended discovery and scheduling
28 order issued in this case on April 15, 2014.  Pursuant to the scheduling order, the discovery deadline

expired on December 15, 2014, and although defense counsel filed the instant request to modify the deadline prior to the expiration of the cut-off deadline, Plaintiff's deposition was not noticed to take place until December 12, 2014, just three days prior to the expiration date. [1] The Ninth Circuit has clarified why the Rule 16 deadlines should be taken seriously:

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence.

Wong v. Regents of the Univ. of Cal., 410 F.3d 1052, 1060 (9th Cir. 2005). Indeed, by the timing of filing of the instant request along with notice of the deposition to take place just three days prior to the discovery cut-off deadline, any relief provided by the Court would necessarily take place out the time frame designated to complete all discovery, and as acknowledged by counsel would require the extension of the dispositive motion deadline.

"Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably bee foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order." Kuschner Nationwide Credit, Inc., 256 F.R.D. 684, 687 (E.D. Cal. 2009). Given that the scheduling order issued in April, the Court does not find good cause presented by simply citing to a recent decision by the state appellate court and other pending deadlines. Recent decisions and pending deadlines are routine circumstances and are not the sort of event that renders a litigant "unable to comply with the scheduling order's deadlines due to

---

[1] Additionally, the Court could not act sooner on the Defendant's request due to the fact that a motion was filed and the court had to wait until the expiration of the opposition period which was after the discovery expiration date. See Local Rule 230(i). In future, the Court allows for shortened time and will hold a hearing in civil rights prisoner cases in such situations. See Local Rule 144. In future, contact the Court's courtroom clerk whose information can be found under the Court's website. Therefore, a party could have a ruling prior to the expiration should it not be favorable. While the court does not shorten order as standard practice, a party must meet the good cause requirement for shortened time. See Local Rule 144(e).

matters that could not have reasonably been foreseen at the time of the issuance of the scheduling order." Id.  The district judges of this Court have an extremely heavy caseload, and when litigants discount scheduling deadlines, the Court's ability to manage its docket and guide cases toward resolution is significantly compromised.  While by circumstance or design, Defendants did not diligently undertake their discovery obligations, and now the Court is faced with resolving an extension of the discovery after the expiration of the deadline.  In sum, Defendants have not shown that they engaged in diligent discovery and there is no good cause to amend the scheduling order.  Accordingly, Defendants' motion shall be denied.

## II.
## ORDER

Based on the foregoing,

IT IS HEREBY ORDERED that Defendants' motion to modify the discovery and scheduling order is DENIED.

IT IS SO ORDERED.

Dated: __December 22, 2014__

UNITED STATES MAGISTRATE JUDGE